UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEMBROKE PUBLIC SCHOOLS,<br>    Plaintiff<br><br>vs.<br><br>JOHN AND JANE DOE, as parents of JACK DOE,<br>a minor, and MASSACHUSETTS BUREAU OF<br>SPECIAL EDUCATION APPEALS,<br>    Defendants | )<br>)<br>)<br>)<br>)  Civil Action No. 1:12-cv-10971<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' EMERGENCY EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER PER F.R.C.P. 65

NOW COME THE DEFENDANTS JOHN AND JANE DOE, hereby moving, ex parte and on an emergency basis, that the Court issue a Temporary Restraining Order (TRO), pursuant to Fed.R.Civ.P. 65, enjoining the Plaintiff from disregarding and failing to comply with an Administrative Order issued by the Massachusetts Bureau of Special Education Appeals (BSEA) on May 18, 2012, pursuant to the federal Individuals with Disabilities Education Act (IDEA) and Massachusetts laws on Special Education. If a TRO is not issued <u>immediately</u>, the Defendants will suffer drastic and irreparable harm, as is explained below. Affidavits of undersigned counsel and defendant John Doe (to be sealed so as to not reveal his identity) are attached in support of this motion. Defendants file this motion for the reasons that follow:

1.  Jack Doe is a 13 year-old boy with special needs in the seventh grade in the Pembroke Public Schools (PPS). He is functionally illiterate. Despite being an intelligent boy and having received special education services in PPS since he was a

young child, Jack can only read at a second or third grade level, and cannot write or do math work anywhere near grade level. He has no independent literacy or academic skills. Jack wants to be a lawyer when he grows up.

2.      Pursuant to the IDEA, the Defendants filed a request for an administrative hearing with the BSEA on 7/13/11. In their hearing request, the Defendants requested that the BSEA order PPS to fully fund an academic placement at the Kildonan School in Amenia, New York, due to the fact that PPS violated the IDEA by failing to provide him with a free and appropriate public education (FAPE). A copy of said Hearing Request is attached as Exhibit I.

3.      After a full evidentiary hearing on the merits, the BSEA issued a decision on 3/2/12 in favor of the Defendants. In particular, the BSEA held that PPS had failed to provide a FAPE to Jack Doe. Although the BSEA did not grant placement at the Kildonan School at that time, it issued an Order that PPS must either create or find an appropriate school placement for Jack within thirty (30) days of the Order. A copy of the 3/2/12 Order is attached and marked as Exhibit D.

4.      PPS failed to comply with the BSEA's 3/2/12 Order. Defendants filed a Motion For Compliance With Order on 4/10/12 (Exhibit F), and a full evidentiary hearing was held on 4/30/12 (after being continued once - see Exhibit F, letter from undersigned counsel objecting to continuance) on the issue of whether or not PPS complied with the Order. On 5/18/12, the BSEA held that PPS had failed to comply with the 3/2/12 Order,

that the Kildonan School was an appropriate school placement for Jack, and therefore ordered PPS to fully fund Jack's placement at Kildonan for both summer and the upcoming academic year. Specifically, the 5/18/12 Order by the BSEA reads as follows:

> "Pembroke is hereby ordered to ***immediately take all necessary steps*** to fund Student's residential placement (including summer programming) at the Kildonan School, including but not limited to obtaining approval for Kildonan as a sole source placement. Pembroke shall also be responsible for transoportation. Pembroke shall ***immediately*** draft an IEP to this effect [emphases added]."

A copy of the 5/18/12 Order is attached and marked as Exhibit E.

5. To date, PPS has done ***absolutely nothing*** to either fund Jack's placement at Kildonan or to draft an IEP indicating placement at Kildonan. They have already deliberately ignored and missed the June 1st deadline for submitting payment and a contract for the summer school program at Kildonan. PPS is deliberately flaunting the BSEA's Order in an effort to bully and wear down Jack's parents, in the hope that the deadline for enrolling Jack at Kildonan will lapse and therefore cause Jack to lose his slot at Kildonan for the summer and upcoming academic year. **PPS's deliberate flaunting of the BSEA order is about to cause irreparable harm to Jack and his parents, because Kildonan has indicated that if they do not receive the contracts and deposits for tuition and room and board by next week, Jack's seat at Kildonan will be forfeited and given to another student.** Specifically, Defendants received letters from Kildonan stating that if contract and deposit of $5,000 is not received by Kildonan by June 18th, Jack will not be able to attend Kildonan for the upcoming school year and his seat will be forfeited (Exhibit H). PPS has already missed the deadline for the summer school program, and Jack's parents are praying that Kildonan will still allow Jack to attend

summer school in spite of this (See Exhibit H). This request for an ex parte TRO arises from a legitimate emergency situation, as described above.

6.      PPS' has refused to comply with the BSEA 5/18/12 Order, at the instructions of their attorney. On 5/25/12, undersigned counsel e-mailed the Kildonan contracts to PPS' lawyer, and asked that she forward them to PPS right away, so that they can sign them and send them to Kildonan, in accordance with the BSEA order. PPS' lawyer informed undersigned counsel that she would give the contracts to her clients, but that she was instructing them **not** to sign them until her clients decided whether or not they want to appeal the case (See Exhibit A). To date, PPS has still neither signed the contracts nor sent Kildonan the required payments for summer and academic year enrollment.

It should also be noted that PPS' Director for Pupil Personnel Services, Laurie Casna, is an attorney, licensed to practice law in Massachusetts, and therefore is well aware of her and PPS' legal obligation to comply with the BSEA's Order.

7.      Not only has PPS refused to do anything to fund and place Jack at Kildonan, but they have also refused to draft an IEP indicating placement at Kildonan, which was also ordered by the BSEA. On or about 5/26/12, the Defendants received in the mail from PPS an IEP Amendment (Exhibit G) offering reading services at Pembroke Middle School, not Kildonan - in direct contravention of the BSEA Order. On 5/31/12 (the same day PPS filed their appeal with this Court, unbeknownst to Defendants or undersigned counsel), Aron Blidner, Ph.D., a representative from PPS, spoke to Jack's father on the phone about this. Jack's father asked Blidner why PPS just mailed him an IEP

amendment indicating school placement at PPS, rather than Kildonan. Blidner refused to answer his question, and instead told Jack's father that PPS wasn't expecting him to sign the IEP Amendment anyway. Jack's father asked Blidner if PPS was planning on appealing the case, and Blidner said, "I can't speak to that." (See Exhibit B).

8. Based on PPS' and their attorney's flat-out refusal to comply in any way with the BSEA's 5/18/12 Order, which is being done solely for the purpose of bullying Jack's parents and shirking their legal and financial responsibility to this family, it is very likely that if PPS is notified in advance of this motion for a TRO, PPS and their attorney will do everything they can to delay the hearing on the motion so that the deadline for enrolling Jack at Kildonan will have lapsed. If this happens, Jack and his family will be irreparably harmed. Though undersigned counsel did not attempt to notify PPS of his filing this motion for a TRO, he did communicate with PPS' attorney on 5/25/12 and 5/26/12 via e-mail and informed her that PPS was violating both Federal and State laws by not complying with the BSEA's 5/18/12 Order, and that undersigned counsel would have to take action in the event PPS persisted in their noncompliance (See Exhibit A). That communication had no effect whatsoever on PPS or their attorney.

9. The law is clear as day, and PPS is well aware, that a decision by the BSEA must be implemented **immediately**. M.G.L., Ch. 30A, sec. 14(3); 603 CMR 28.08(6); BSEA Hearing Rule XIIIC. As PPS is also well aware, a party's appeal of a BSEA decision does not act as a stay of enforcement of the BSEA decision. M.G.L., Ch. 30A, sec. 14(3).

10. When the BSEA ordered on 5/18/12 that PPS fund and place Jack at Kildonan School for the summer and academic year, Kildonan became Jack's "current placement", under both Federal law and State law. 20 U.S.C. sec. 1415(j); 34 CFR 300.518; 603 CMR 28.08(7). This is critical, because under both Federal and State laws (i.e., "stay put" laws), a student has a right to remain in his current educational placement during any appeals of a BSEA decision or order. 20 U.S.C. sec. 1415(j); 34 CFR 300.518; 603 CMR 28.08(7); *Honig v. Doe*, 484 U.S. 305 (1988). This "stay put" statute is regarded by the Courts as an automatic preliminary injunction, and as such, the Court does not even inquire whether or not the moving party is likely to prevail in the underlying legal action. *Joshua A. v. Rocklin Unified Sch. Dist.*, 559 F.3d 1036 (9th Cir. 2009) (holding that moving party need not make showing of traditional elements for injunctive relief, due to "stay put" laws, in order to obtain injunctive relief); *Ashland Sch. Dist. v. V.M.*, 494 F. Supp.2d 1180, 1182 (D. Or. 2007); *Drinker by Drinker v. Colonial Sch. Dist.*, 78 F.3d 859 (3d Cir. 1996); *Zvi D. v. Ambach*, 694 F.2d 904 (2d. Cir. 1982). If a school district refuses to comply with "stay put" law, a student may seek injunctive relief to continue the current placment pending review, and such injunctive relief may be granted without considering whether irreparable harm exists. *Saleh v. District of Columbia*, 660 F.Supp. 212, 214 (D.D.C. 1987). In the case at Bar, however, there is clear evidence that irreparable harm will occur if a TRO is not granted immediately.

11. Even though a showing is not required under "stay put", Defendants have a strong likelihood of success on PPS' appeal. The BSEA's Orders came after a Hearing Officer listened to four days of live testimony and reviewed hundreds of pages of documentary

evidence submitted by both parties. The Hearing Officer's decisions on both 3/2/12 and 5/18/12 are highly detailed, spelling out exactly what evidence she relied on in making her decisions. A Court reviewing a decision by the BSEA must give the adminstrative proceedings "due weight", and the Court "is not at liberty either to turn a blind eye to administrative findings or to discard them without sound reason." *Lenn v. Portland Sch. Comm.*, 998 F.2d 1083, 1087 (1st. Cir. 1993). An administrative hearing officer, such as the one involved in the underlying BSEA case here, has the duty and discretion to make credibility determinations on the evidence presented at the administrative hearing. *Wytrwal v. Saco Sch. Bd.*, 70 F.3d 165, 171 (1st. Cir. 1995).

12. For all other reasons that may be advanced at a hearing on this motion.

## RELIEF REQUESTED

The Defendants therefore pray that the Court issue a TRO immediately, ordering that:

1. PPS <u>immediately</u> comply with the 5/18/12 Order by the BSEA; and

2. PPS <u>immediately</u> take all steps necessary to ensure that Jack attend the summer school program at Kildonan and the 2012-2013 academic year at Kildonan, including but not limited to, making all monetary payments to Kildonan (and Camp Dunnabeck, which is Kildonan's summer school program) immediately and completing all paperwork necessary, within the timelines required by Kildonan.

3.  PPS take all other actions that the Court deems necessary and just.

Counsel for John and Jane Doe,

/s/ Sean T. Goguen
Sean T. Goguen, Esq.
BBO No. 629252
Law Office of Sean T. Goguen
4 Middle Street, Suite 206
Newburyport, MA 01950
Phone: 978-225-1562
Fax: 339-707-2062
e-mail: stglaw@redtrout.com