**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEMBROKE PUBLIC SCHOOLS, )<br>    Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No. 1:12-cv-10971 |
| ) | |
| JOHN AND JANE DOE, as parents of JACK DOE, )<br> a minor, and MASSACHUSETTS BUREAU OF )<br> SPECIAL EDUCATION APPEALS, )<br>    Defendants ) | |

## AFFIDAVIT OF SEAN T. GOGUEN

I, Sean T. Goguen, do hereby depose and state, to the best of my own personal knowledge, that:

1.      I represent the Defendants John and Jane Doe, who are the parents of Jack Doe, the subject of the underlying litigation and Orders by the BSEA.

2.      After the BSEA issued the Order on 5/18/12, ordering PPS to immediately take all steps necessary to ensure Jack's placement at Kildonan for this summer and the upcoming school year, my client John Doe emailed me the Kildonan contracts, so that I could forward them to PPS' lawyer.

3.      I emailed the contracts to PPS' lawyer on 5/25/12. In my e-mail, I asked that she forward the contracts ASAP to PPS, so that they could sign them and get them over to Kildonan right away, in accordance with the Order.

4.      PPS' lawyer wrote me an e-mail in response saying that she would give her clients the contracts, but that she was instructing them not to sign any of them until they decided whether or not they wanted to appeal.

5.      I wrote back to her saying that if PPS wants to appeal, that's fine, but that the law is crystal clear that filing an appeal does not act as a stay, and that PPS must comply with the Order immediately. I also provided her with both Federal and State statutory citations regarding this issue, just to make sure that it wasn't a matter of her not being familiar with the law. I wrote that I did not want to have to go through another compliance motion yet again, especially when the law is so crystal clear.

6.      She wrote back to me saying that she knew what the law was, and that she could file a request for a stay along with the appeal. That was the last I've heard from her regarding complying with the BSEA Order. To my knowledge, she has not requested a

stay, and based on PPS' complete failure to do anything in furtherance of the Order, I am assuming that she did in fact instruct PPS to ignore the Order, as she had indicated she did in her prior e-mail.

7.     Based on these communications with their lawyer, as well as PPS' continuing flaunting of the Order, it is very clear to me that PPS' appeal was filed in bad faith, done for the purpose of bullying my clients, in the hope they can wear my clients down and force them to give up.  This is despicable, and a deliberate violation of both the IDEA and State law, as well as constituting an abuse of process.  PPS has already succeeded in ignoring and deliberately missing the June 1 deadline by which they were supposed to have sent the contract and payment to Kildonan for the summer school program.

8.     I have not attempted to notify PPS' attorney of my filing this motion for a TRO. Based on her informing me that she was instructing PPS to ignore the BSEA Order, as well as PPS' continued flaunting of the Order, I feel this behavior is proof positive of their deliberate disregard for the law.  I truly feel that if I were to notify them of this motion beforehand, they would do everything in their power to delay a full hearing on my request for injunctive relief, in which case Jack would forfeit his seat at Kildonan.  If this happens, the harm will be irreparable.

9.     In my seventeen years as a practicing attorney, I have never seen such brazen disregard for the legal system as this.  This kind of nonsense completely goes against the reason why the IDEA, and "stay put" law in particular, was enacted - to protect disabled children and ensure they receive an appropriate public education.

10.     I also want to point out that PPS' Director for Pupil Personnel Services, Laurie Casna, is an attorney licensed to practice law in Massachusetts.  I recently looked up her name on the Board of Bar Overseers website, and saw that she is in fact a member of the Massachusetts bar.  I suspect that PPS' attorney is getting her marching orders from Casna.

11.     I have not yet filed an Answer and Counterclaim to this action because it is required to be filed electronically, and I fear that if I do so prior to filing this motion, I will have defeated the purpose of seeking this TRO ex parte.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 6/12/12 :

Sean T. Goguen, Esq.